```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


ALBERT L. MOODY, JR.,          :
                               :    Civil Action No. 11-6753 (RMB)
          Plaintiff,           :
                               :
     v.                        :    MEMORANDUM OPINION
                               :
DAWN M. BEMBERRY,              :
                               :
          Defendant.           :
```

**APPEARANCES:**

Plaintiff pro se
Albert L. Moody, Jr.
Bayside State Prison
P.O. Box F-1
Leesburg, NJ  08327

**BUMB**, District Judge

    Plaintiff Albert L. Moody, Jr., a prisoner confined at Bayside State Prison in Leesburg, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

    Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

    Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement

of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). See also 28 U.S.C. § 1915A (dismissal of actions in

which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

In this action, Plaintiff failed to submit a complete <u>in forma pauperis</u> application as required by 28 U.S.C. § 1915(a)(1), (2), <u>including a certified account statement</u>. <u>See</u>, <u>e.g.</u>, <u>Tyson v. Youth Ventures, L.L.C.</u>, 42 Fed.Appx. 221 (10th Cir. 2002); <u>Johnson v. United States</u>, 79 Fed.Cl. 769 (2007).

Plaintiff also refers in his incomplete Application to a $150 filing fee and authorizes withdrawals from his inmate account until the $150 filing fee is satisfied. Plaintiff is advised that the filing fee is currently $350 and that any grant of leave to proceed <u>in forma pauperis</u> will be accompanied by an order for withdrawals from his institutional account until the full $350 is paid to the Court.

In addition, if the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action <u>in forma pauperis</u> unless he is in imminent danger of serious physical

3

injury. 28 U.S.C. § 1915(g). The Court notes that Plaintiff already has at least two such strikes. See Moody v. Chepurny, Civil No. 11-0940 (D.N.J.); Moody v. Thomas, Civil No. 10-6735 (D.N.J.).

The Court notes further that Plaintiff stated in his Complaint that "There is no other privios [sic] Dismissed Federal Actions or appeals." To the contrary, as noted above, Plaintiff has had at least two other federal actions dismissed, while he was confined, for failure to state a claim.

Rule 11 of the Federal Rules of Civil Procedure provides that, by presenting any paper to the Court, an unrepresented party

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; ...

Fed.R.Civ.P. 11(b). On its own, if a court believes a party has violated Rule 11(b), a court may order a party to show cause why its conduct has not violated Rule 11(b) and may, if it finds a violation, impose a sanction sufficient to deter repetition of the conduct, including monetary or nonmonetary sanctions. A

court may impose a monetary sanction, for a misrepresentation regarding prior litigation, against a party that has been granted leave to proceed in forma pauperis. Warren v. Guelker, 29 F.3d 1386 (9th Cir. 1994).

In addition, under certain circumstances, a federal court may dismiss a "malicious" civil action. See, e.g., 28 U.S.C. § 1915(e) (cases filed by persons who have been granted leave to proceed in forma pauperis); 28 U.S.C. § 1915A(b) (cases in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

A complaint is "malicious" when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits, or it contains disrespectful or abusive language. See, e.g., In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981); Phillips v. Carey, 638 F.2d 207 (10th Cir. 1981), cert. denied, 450 U.S. 985 (1981). Thus, a complaint is malicious under the referenced statutes if it is repetitive or evidences an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases.

Moreover, it is well established that a court may dismiss a complaint as "malicious" if it seeks to relitigate a previously-

litigated claim or if the complaint contains misrepresentations about the plaintiff's other litigation.  See, e.g., Nelson v. Paine Webber Corp., Civil No. 09-315, 2010 WL 1028724 (N.D. Fla. March 18, 2010); Hall v. Rahangdale, Civil No. 09-283, 2009 WL 3028219 (N.D. Fla. Sept. 15, 2009); Marshall v. Florida Dept. of Corrections, Civil No. 08-417, 2009 WL 2351723 (N.D. Fla. July 29, 2009); Williams v. Baxter, Civil No. 08-93, 2008 WL 3049995 (N.D. Fla. July 30, 2008); Starks v. Tanner, Civil No. 06-699, 2006 WL 3210147 (S.D. Ill. 2006); Marshall v. City of Mesquite, Civil No. 03-1508, 2003 WL 21673655 (N.D. Texas 2003)(Report and Recommendation adopted and case dismissed as malicious); Pittman v. Moore, 980 F.2d 994 (5th Cir. 1993) Wilson v. Lynaugh, 878 F.2d 846 (5th Cir.), cert. denied, 493 U.S. 969 (1989).

Dismissal of a complaint as "malicious" counts as a "strike" under 28 U.S.C. § 1915(g); the accumulation of three such "strikes" may prevent a prisoner from proceeding in forma pauperis in the future.  Similarly, a federal court has discretionary authority to deny in forma pauperis status based on a prisoner's history of abuse of the privilege, even in the absence of the accumulation of three "strikes."  See, e.g., In re McDonald, 489 U.S. 180 (1989); Mitchell v. Federal Bureau of Prisons, 587 F.3d 415 (D.C. Cir. 2009).

Finally, under certain circumstances, this Court may order the revocation of good-time credits.

6

> In any civil action brought by an adult convicted of a crime and confined in a Federal correctional facility, the court may order the revocation of such earned good time credit under section 3624(b) of title 18, United States Code, that has not yet vested, if, on its own motion or the motion of any party, the court finds that –
>
> (1)  the claim was filed for a malicious purpose;
>
> (2)  the claim was filed solely to harass the party against which it was filed; or
>
> (3)  the claimant testifies falsely or otherwise knowingly presents false evidence or information to the court.

28 U.S.C. § 1932 ("second").[1]

Misrepresentations regarding prior litigation are grounds for revocation of good-time credits. See Rice v. National Security Council, 244 F.Supp.2d 594 (D.S.C. 2001), aff'd sub nom, Rice v. Mills, 46 Fed.Appx. 212 (4th Cir. 2002); cert. denied, 538 U.S. 951 (2003); Feurtado v. McNair, Civil No. 99-2582, 2000 WL 34448882 (D.S.C. July 20, 2000), aff'd, 3 Fed.Appx. 113 (4th Cir. 2001), cert. denied, 534 U.S. 964 (2001).

Accordingly, this Court will order Plaintiff to submit correct information regarding prior dismissals of cases filed in federal court should he choose to move to re-open this action.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

---

[1] There are two sections of the United States Code denominated 28 U.S.C. § 1932.  It is the second such provision that is applicable here.

CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted leave to move to re-open within 30 days.[2]

An appropriate Order will be entered.

                                               s/Renée Marie Bumb
                                               Renée Marie Bumb
                                               United States District Judge

Dated: December 29, 2011

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).